Mooney v. Shalala                    CV-94-195-L    01/23/95

**THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE**


Robert Mooney


          v.                                    #C-94-195-L

Donna Shalala, Secretary of
 Health & Human Services


## ORDER


Before the court is plaintiff, Robert Mooney's motion for reconsideration pursuant to Federal Rule of Civil Procedure 59(e).  Plaintiff challenges the Secretary's finding that sufficient numbers of jobs exist in the regional and national economy which are capable of performance by the plaintiff. Plaintiff asserts that since the jobs listed by the administrative law judge (ALJ), in his final decision, do not exist in "significant numbers" or are not physically able to be performed by plaintiff, the jobs must be disregarded and the case remanded for a further clarification on what jobs the plaintiff is classified to perform.


## DISCUSSION

Rule 59(e) motions are granted in instances where the trial court has made a manifest error of law or fact, where there is

discovery of new evidence, or where there is an intervening change in the law.  Hayes v. Douglas Dynamics, 8 F.3d 88, 91 n.3 (1st Cir. 1993), quoted in Pedro Adorno v. Secretary of Health and Human Services, (D. Mass., March 2, 1994) (slip op. CAN 90-30237-FHF).  "Rule 59(e) does not allow the losing party to repeat old arguments previously considered and rejected, or to raise new legal theories that should have been raised."  National Metal Finishing Co. v. Barclays American/Commercial, Inc., 899 F.2d 119, 123 (1st Cir. 1990).

In the case at hand, the ALJ, in finding Mr. Mooney not disabled within the context of the Social Security Act, noted in his final decision that

> even if the claimant were limited to work in the sedentary range he would not be found disabled under the Act.  However, I find that he can perform work in the light exertional range.

Tr. 18.

Further, the ALJ determined that

> [t]he claimant has the residual functional capacity to perform the exertional and nonexertional requirements of light work except for lifting and/or carrying more than ten pounds; walking for prolonged periods of time; crawling; crouching; performing extensive climbing, stooping, kneeling, pushing, pulling and speaking for prolonged period of time and being exposed to extremes of temperature, dust, fumes, chemicals and humidity.

> *                    *                    *

Although the claimant's limitations do not allow him to

2

perform the full range of light work, . . . there is a
significant number of jobs in the national economy
which he could perform. Examples of such jobs are a
cashier, a ticket taker, a taper, a film touch-up
inspector, an order clerk and a telephone quotation
clerk.

Tr. 19-20.

Following a review and synthesis of the ALJ's findings, this

court held

[t]he activities, in which the claimant engages,
entail certain degrees of sitting, standing, walking,
pushing, pulling and other physical functions.
Therefore, in determining an appropriate RFC, these
physical functions were appropriately considered and
were not an overemphasis on daily activities. 20
C.F.R., Chapter III, § 404.1562.
    Following the claimant's RFC determination, the
ALJ then concluded that Mr. Mooney is capable of
performing work in the light range, "except for lifting
and/or carrying more than ten pounds; walking for
prolonged periods of time; crawling; crouching;
performing extensive climbing, stooping, kneeling,
posing, pulling and speaking for prolonged periods of
time and being exposed to extremes of temperature,
dust, fumes, chemicals and humidity (20 CFR 404.1545)."
Tr. 19.

This court, within its previous order, also expressed that

the ALJ properly used the RFC determination, and restrictions

associated with the determination, in posing hypotheticals to the

vocational expert. Concisely, in considering the restrictions

and limitations, the vocational expert testified that Mr. Mooney

is capable of performing jobs such as a cashier, ticket taker,

taper of printed circuit boards and a film touch up inspector.

3

Further, as expressed by the ALJ (Tr. 20), the jobs listed or identified by the vocational expert do exist in significant numbers within the economy. Germane to the conclusion of "significant numbers", the vocational expert testified to the following:

| Job Title (Sedentary Only) | NH | US |
| --- | --- | --- |
| Cashier | 3,677 | 77,337 |
| Film touch-up inspector | 260 | 31,310 |
| Telephone quotation clerk | 84 | 29,724 |
| Taper | 154 | 42,000 |
| Order clerk | 260 | 77,000 |

| Job Title (Light Only) | NH | US |
| --- | --- | --- |
| Cashier | 5,515 | 116,006 |
| Film touch-up inspector | 2,183 | 263,006 |
| Telephone quotation clerk | 82 | 14,640 |
| Ticket taker | 55 | 28,516 |

Tr. 78-90.

As discussed by this court in Manchester v. Sullivan, C-90-481-L (D.N.H., March 28, 1991) and Latulippe v. Shalala, C-92-497-L (D.N.H., July 26, 1993), the availability of less than 750 jobs may constitute "significant numbers" of jobs. See also

4

Jenkins v. Bowen, 861 F.2d 1083, 1087 (8th Cir. 1988)(500 jobs is significant number); Salazar v. Califano, (CCH para 15,835)(E.D. Cal. 1978)(600 jobs is significant number); Uravitch v. Heckler, Civ. 84-1619-PHX-PGR, slip op. (D.Az., May, 1986)(even though 60-70% of 500-600 relevant positions required experience plaintiff did not have, remaining positions constitute significant number). In the instant case, the collective number of jobs available to Mr. Mooney is far in excess of the above mentioned numbers.

In sum, plaintiff's argument that the "record is not clear on the various jobs identified by the VE and the various job numbers" (Doc. 15) is not compelling. Succinctly, there is no new evidence presented, no intervening change in laws, and no manifest error of law or fact committed by this court. As plaintiff presents no new or material argument and merely reiterates positions taken at the hearing or within his original motion for reversal (Doc. 9), this court will not reconsider plaintiff's claim and remand the matter for further consideration. Plaintiff's motion for reconsideration (Doc. 15) pursuant to Rule 59(e) is denied.

January 23, 1995

                                           _____
                                           Martin F. Loughlin
                                           Senior Judge

Raymond J. Kelly, Esq.
David L. Broderick, Esq.